**William K. H. MAU and Jean R. Mau, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 71–3399.**

United States District Court, D. Hawaii.

Feb. 6, 1973.

Vernon O. Bortz, Julian H. Clark, Bortz, Case, Stack, Kay, Cronin & Clause, Honolulu, Hawaii, for plaintiffs.

Scott P. Crampton, Asst. Atty. Gen., Stanley F. Krysa, Chief, Refund Trial Section No. 3, Tax Division, Department of Justice, Washington, D. C., Robert K. Fukuda, U. S. Atty., Honolulu, Hawaii, for defendant.

## FINDINGS OF FACT AND CONCLU-SIONS OF LAW

SAMUEL P. KING, District Judge.

The above action having come on for hearing on January 12, 1973 upon Defendant's Motion for Summary Judgment and Plaintiffs' Cross Motion for Summary Judgment and the Court having studied the record, and having fully considered the briefs and oral argument of counsel and being fully advised in the matter hereby makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

1. On April 10, 1964, William K. H. Mau, hereinafter referred to as plain-

tiff, entered into five declarations of trust, one for each of his children, namely, Milton, born in 1939, Cynthia, born in 1946, Lynette, born in 1949, Leighton, born in 1951 and Letitia, born in 1954. Each trust instrument was identical in all material respects.

2. Each of the trust declarations provided that William K. H. Mau, was the trustee and that the corpus consisted of:

One-Fifth (⅕) of my interest in and to that certain joint venture (entered into on July 17, 1958) known as Ben Mau and Associates, engaged in the subdivision and sale of certain real property known as Waipahu Waiolu Tract Subdivision situated at Waikele, Ewa, Oahu, Hawaii.

3. Each of the declarations of trust authorized the plaintiff, as trustee, to borrow the corpus or income of the trust if the loan provided for adequate interest and security.

4. In 1964, the plaintiff purchased real property in Waikiki, in the city of Honolulu and commenced the construction or an office building known as the Waikiki Business Plaza. In order to finance the construction of the building, plaintiff was required to borrow a large sum of money.

5. On January 15, 1965, the plaintiff borrowed $130,000, from the five trusts plaintiff had established for his children. On that date the plaintiff executed a demand note in the amount of $130,000 payable to "The Children's Trust (⅕ each)". The note provided for interest at 6% per annum and was secured by a pledge of 8,000 shares of stock in the Waikiki Business Plaza, Inc.

6. On March 1, 1965, the plaintiff transferred his interest in the land and building known as Waikiki Business Plaza to William K. H. Mau, Inc., a corporation wholly owned by the plaintiff, subject to the mortgage indebtedness, together with the promissory note in the amount of $130,000, payable to the children's trusts. The amount of $130,000 owing to the trusts was not repaid in whole or in part by the plaintiff during the calendar year 1965. As of December 31, 1965 it was reflected under notes payable on the balance sheet of William K. H. Mau, Inc. The debt due the trusts was eventually paid in May of 1969.

7. During the calendar year 1965, the distribution of the profits from Ben Mau and Associates to each trust was $4,568.88 or a total of $22,844.40 for the five trusts.

8. The plaintiff and his wife timely filed their federal income tax return for the year 1965. Subsequently, this return was audited by the Internal Revenue Service which concluded that under the foregoing facts the plaintiff, as grantor of the five trusts, should be treated as owner of the trusts to the extent of taxing the income earned by the five trusts from their interests in Ben Mau and Associates. This determination resulted in a deficiency in taxes in the amount of $6,704.96 which was subsequently assessed against and paid by the plaintiffs. After a timely claim for refund was disallowed the plaintiffs timely instituted this action to recover the deficiency in taxes paid.

9. The question presented for decision is whether, under the facts as heretofore found and to which the parties agree are not in dispute, the plaintiff was taxable, pursuant to Section 675(3) of the Internal Revenue Code of 1954 on the distribution of profits from Ben Mau and Associates to each of the trusts.

10. The plaintiffs contend that under the plain language of Section 675(3) of the Internal Revenue Code of 1954 the income of the trusts are taxable to Wil-

**912**

liam K. H. Mau only if the loan had not been repaid before the beginning of the taxable year 1965. Since the loan was not outstanding as of the beginning of 1965, the 1965 income of the trusts were not taxable to William K. H. Mau.

11. The defendant on the other hand maintains that the borrowing of trust corpus or income by the grantor at any time during the taxable year will require that the trust income be taxable to the grantor.

## CONCLUSIONS OF LAW

1. The Court has jurisdiction of this action for the refund of federal income taxes and the parties to this action.

2. Section 675(3) was first enacted as part of the Internal Revenue Code of 1954. It had its origins in the Treasury Regulations promulgated in 1946. The statute is identical to those regulations.

■ 3. The language of Section 675(3) is not clear on its face. It is well established, however, that statutes should be reasonably interpreted in a practical and sensible light. United States v. American Trucking Associations, 310 U.S. 534, 60 S.Ct. 1059, 84 L. Ed. 1345, Palermo v. United States, 360 U.S. 343, 79 S.Ct. 1217, 3 L.Ed.2d 1287. Moreover, if the language employed, when literally defined, causes confusion, does violence to or conflicts openly with the intent of the Section, the Court must resort to a construction of the language that will resolve any confusion without defeating the purpose of the statute. Words should not be applied in a manner that would accomplish results contrary to the reasonable purpose of the Congress.

■ 4. In enacting Section 675(3) Congress sought to prevent the shifting of taxable income in situations where a grantor still had control and use of trust properties through borrowing. This was the thrust of the prior regulation which Congress chose to enact into law.

■ 5. Under Section 675(3) the borrowing of trust property or trust income by the grantor at any time during the taxable year will result in the taxability of the grantor on the income of that year. Moreover, if the loan has not been fully repaid before the beginning of the succeeding year, the grantor will also be taxable on the trust income of such succeeding year.

■ 6. Accordingly, under the facts as previously found, the plaintiff was taxable on the distribution of profits to the five trusts from Ben Mau and Associates for the year 1965.

7. Judgment will be entered sustaining defendant's Motion for Summary Judgment; denying plaintiffs' Motion for Summary Judgment; and dismissing the complaint with prejudice.